UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| EDGEFIELD HOLDINGS, LLC, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:21-CV-49-KAC-DCP |
| | ) | |
| THE BLUMBERG 2 TRUST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART**

Before the Court is Plaintiff Edgefield Holdings, LLC's "Motion for Summary Judgment" [Doc. 22]. Because there is no genuine dispute of material fact regarding Plaintiff's Fraudulent Transfer claim (Count One) and Plaintiff is entitled to judgment as a matter of law, the Court **GRANTS** Plaintiff's "Motion for Summary Judgment" [Doc. 22] as to Count One against Defendants The Blumberg 2 Trust and Amy Jo Blumberg. But because Plaintiff has not met its burden as to Counts Two, Three, and Four, the Court **DENIES** Plaintiff's "Motion for Summary Judgment" [Doc. 22] as to those counts.

**I.      Background**

      **A.      Factual Background**[1]

In 2014, Regions Bank filed a complaint against "The Blumberg Trust" and Defendant John Allan Blumberg in the Circuit Court of Washington County, Tennessee, case number 33556 [Doc. 22 at 11 (Affidavit of Mark King ("King Aff.") ¶ 22)]. Regions Bank sought to obtain a

---

[1] Because Plaintiff moved for summary judgment, the Court describes the facts in the light most favorable to Defendants. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

money judgment under a promissory note between Regions Bank's party-in-interest and Defendant "The Blumberg 2 Trust" [*Id.* at 34-48]. Defendant John Allan Blumberg and Defendant Amy Jo Blumberg, who were co-trustees of "The Blumberg 2 Trust," executed the promissory note on behalf of "The Blumberg 2 Trust" [*Id.*; *see id.* at 10 (King Aff. ¶ 15); *see also* Docs. 1 ¶¶ 9, 12; 19 ¶ 9; 20 ¶¶ 9]. Defendant John Allan Blumberg and Defendant Amy Jo Blumberg were related [*See* Docs. 1 ¶ 11; 19 ¶ 11; 20 ¶ 11; 22 at 9 (King Aff. ¶ 14)]. On October 29, 2018, the Circuit Court of Washington County entered judgment for Regions Bank in the amount of $193,963.50 with "post judgment interest at the rate of 6.25% per annum from the entry of the judgment until satisfaction of the judgment" against "The Blumberg Trust" and Defendant John Allan Blumberg [*See* Docs. 1 ¶ 13; 19 ¶ 13; 20 ¶ 13; 22 at 1 (King Aff. ¶¶ 5, 7); *id.* at 18, 21-24, 53].

Defendant "The Blumberg 2 Trust" owned certain property [*See* Docs. 1 ¶ 6; 19 ¶ 6; 20 ¶ 6; 22 at 30-31]. On November 12, 2018, Defendant Amy Jo Blumberg, acting as "Trustee of the Blumberg 2 Trust"—"Grantor"—and Defendant Amy Jo Blumberg, acting as an individual—"Grantee"—executed a "Quitclaim Deed" for certain property [*See* Doc. 22 at 30]. "For and in consideration of the sum of One Dollar ($1.00) and other good and valuable consideration," Defendant "The Blumberg 2 Trust" "convey[ed], transfer[red], remise[d], release[d], relinquish[ed] and quitclaim[ed]" to Defendant Amy Jo Blumberg "all of Grantor's right, title and interest in and to" "real estate" "[s]ituate[d], lying and being in the 11th Civil District of Sullivan County, Tennessee," "particularly described" as two (2) parcels [*Id.*]. The Quitclaim Deed described "Parcel One" as:

> BEGINNING at the center point of a concrete monument at the P.C. of the curve connecting the southerly sideline of Bloomingdale Highway with the northerly sideline of Shale Street; thence with the southerly sideline of Bloomingdale Highway H. 66° 20' E. 136.53 feet to a point on the southerly sideline of said Highway, corner for Lots 9 and 10; thence with the divisional line of Lots 9 and 10

> S. 23° 40' E. 103.34 feet to the point on the northerly sideline of Shale Street, corner for Lots 9 and 10; thence with the northerly sideline of Shale Street N. 86° 16' W. 161.7 feet to the center point of a concrete monument at the P. T. of the curve connecting said sideline of Shale Street with the southerly sideline of Bloomingdale Highway; thence in a northeasterly direction by said curve to the right with a radius of 15 feet and a central angle of 152° 36' an arc distance of 36.95 feet to the point of BEGINNING, and being Lot No. 10 of Subdivision of part of General Shale's Products Corporation Property, near Kingsport, Sullivan County, Tennessee, shown on map of said Subdivision dated September 20, 1941, Hugh E. Alley, Surveyor, of record in the Register's Office for Sullivan County at Blountville, Tennessee, in Plat Book 3, page 22. Together with the right of use water for domestic purposes from a certain well located on Lot 9, adjoining, with such rights of way necessary for the full use and enjoyment of same. Said rights shall be exercised jointly with other parties entitled thereto.

[*Id.*]. The Quitclaim Deed described "Parcel Two" as:

> BEGINNING on the southeasterly side of Bloomingdale Road, corner for Lots 9 and 10; thence along the divisional line of Lots 9 and 10 S. 23° 40' E. 103.34 feet to the northerly side of Shale Street; thence along said side of Shale Street S. 86° 16' E. 11.26 feet; thence through Lot 9 in a northwesterly direction 108.52 feet, more or less, to the said southeasterly side of Bloomingdale Road; thence along said southeasterly side of Bloomingdale Road S. 66° 20'W. 10.0 feet to the point of BEGINNING, being part of Lot 9 of Subdivision of part of the property of General Shale Products, shown on map of record in the Register's Office for Sullivan County at Blountville, Tennessee, in Plat Book 3, page 144;

Collectively, Parcels One and Two were identified as:

> BEING the same property conveyed to The Blumberg 2 Trust by deed dated August 7, 2002, of record in the Chancery Court for Sullivan County at Blountville, Tennessee in Deed Book 1809C, page 145, to all of which reference is hereby expressly made. Map No. 48H, Group F, Parcel No. 006.00
>
> TAX ID: Map: 30K Grp: E Parcel 1.20

[*Id.* at 30-31]. Defendant Amy Jo Blumberg "ma[d]e[] oath that the actual consideration for the foregoing transfer, or the value of the property hereinbefore described, whichever is greater, is $0.00~Quitclaim" [*Id.* at 31]. As of the date of the Quitclaim Deed, the parcels had approximate appraisal values of $85,000 and $71,800 [*Id.* at 55-60]. After the Quitclaim Deed, "The Blumberg

3

2 Trust" became "insolvent" [*Id.* at 13 (King Aff. ¶ 37)]. Defendant Amy Jo Blumberg, acting as an individual, remains the owner of Parcels One and Two [*See id.* at 55-64].

On December 8, 2020, the Circuit Court of Washington County substituted Plaintiff Edgefield Holdings, LLC for Regions Bank in case number 33556 [*Id.* at 23-24]. Prior to the substitution, Regions Bank had assigned its interest in the judgment in case number 33556 to Plaintiff [*Id.* at 8, 11 (King Aff. ¶¶ 7, 30-31); *see also id.* at 53 (Assignment of Judgment and Loan Documents). The state court reasoned that Plaintiff "is the lawful owner of the debt that is the subject matter of this case" and that substitution "merely allowed Edgefield to enforce the judgment as a properly interested party" [*Id.* at 24].

The state court also "corrected" the caption of the case "to name The Blumberg 2 Trust as the proper party defendant" [*Id.*]. Referencing documents naming "The Blumberg 2 Trust" as "grantee" and "party in interest" and noting that "Amy Jo Blumberg" was served on behalf of Defendant The Blumberg 2 Trust, the court concluded that "The Blumberg 2 Trust was always meant to be the party defendant and that fact was (or certainly should have been clear) to the person accepting service and the attorney representing the Trust" [*Id.*; *see also id.* at 26 (Corrected Order)]. Neither Defendant The Blumberg 2 Trust nor Defendant John Allan Blumberg have satisfied the judgment against them [*See id.* at 11 (King Aff. ¶¶ 27); *see also* Docs. 1 ¶ 23; 19 ¶ 23]. Defendant John Allan Blumberg is now deceased [Doc. 22 at 3 (King Aff. ¶ 13)].

B.      **Procedural Background**

On June 28, 2020, Plaintiff filed a Complaint in this Court against The Blumberg 2 Trust, John Allan Blumberg, and Amy Jo Blumberg,[2] alleging four (4) claims [Doc. 1]. ***First***, in Count

---

[2] Plaintiff's Complaint alleges facts against "Amy Jo Blumberg" and "Amy Jo Kaiser Blumberg" interchangeably [*See* Doc. 1 at 1]. They appear to be the same individual.

4

One, Plaintiff alleged that the Quitclaim Deed between Defendants The Blumberg 2 Trust and Amy Jo Blumberg was a voidable "actual and constructive fraudulent conveyance" under Tennessee law because Defendant The Blumberg 2 Trust "knew or should have known" about the state court judgment against it but transferred the parcels "without fair consideration" "[f]ourteen days after the Judgment" "to an insider" intending to "plac[e] the property beyond the reach of creditors" [*Id.* ¶¶ 32, 38, 40-42, 46-48]. **Second**, in Count Two, potentially pled in the alternative to Count One, Plaintiff alleged entitlement to a "creditors' bill" under Tennessee law because its judgment against Defendants The Blumberg 2 Trust and John Allan Blumberg remains unsatisfied as a result of the fraudulent conveyance [*Id.* ¶¶ 52, 54-55, 60]. **Third**, in Count Three, Plaintiff alleged that it was entitled to an "[e]quitable lien" "[b]y operation of law" [*Id.* ¶ 63]. **Fourth**, in Count Four, Plaintiff asked the Court to order all Defendants "to make available" "personal and intangible property in satisfaction of the Judgment" under Tennessee law and the Court's "equitable powers" [*Id.* ¶ 65]. On May 25, 2021, the Clerk of Court entered default against Defendant John Allan Blumberg [Doc. 21]. *See* Fed. R. Civ. P. 55(a). Plaintiff has not moved for an entry of default judgment against Defendant John Allan Blumberg. *See* Fed. R. Civ. P. 55(b).

Plaintiff filed a "Motion for Summary Judgment" [Doc. 22], asserting that it is entitled to judgment as a matter of law on all claims. Plaintiff asks the Court to "set aside the conveyance" of Parcels One and Two, award it a "money judgment" of "$193,963.50 plus 6.25 interest" against Defendant Amy Jo Blumberg, and grant it various additional relief under Tennessee law [*See id.* at 3-4]. Defendants The Blumberg 2 Trust and Amy Jo Blumberg did not respond. The Court ordered those Defendants to show cause as to why the Court "should not deem Defendants' failure to respond as 'a waiver of any opposition to the relief sought'" [Doc. 40 (quoting E.D. Tenn. L.R. 7.2)]. Defendants requested additional time to respond to Plaintiff's Motion so

5

that they could "obtain the deposition transcripts" of Defendant Amy Jo Blumberg [Doc. 42 at 1-2]. But the Court denied their request because Defendants had not established excusable neglect [*See* Doc. 45 at 2-3 (citing Fed. R. Civ. P. 6(b)(1)(B))].

II. **Analysis**

Under Federal Rule of Civil Procedure 56, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the facts in the light most favorable to the non-moving party and make all reasonable inferences that can be drawn from those facts. *Matsushita*, 475 U.S. at 587; *Nat'l Satellite Sports*, 253 F.3d at 907. The moving party bears the burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Id.* When the moving party has met its burden, the non-moving party cannot "rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citing *Matsushita*, 475 U.S. at 586); *see also* Fed. R. Civ. P. 56(c)(1).

"If a party fails to . . . properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion [and/or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e). Because "the defendant will bear the burden of proof" at trial for an affirmative defense, at summary judgment, "[t]he defendant must affirmatively introduce evidence of such weight that no rational jury could disagree with it." *Lemaster v. Lawrence Cnty., Ky.*, 65 F.4th 302, 310 (6th Cir. 2023).

6

Where, as here, Plaintiff has invoked the Court's diversity jurisdiction, state substantive law governs. *See Brocklehurst v. PPG Indus., Inc.*, 123 F.3d 890, 894 (6th Cir. 1997) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). The Parties do not appear to dispute that Tennessee's substantive law applies. The Court therefore applies Tennessee law and does not conduct its own "choice of law" analysis. *See GBJ Corp. v. E. Ohio Paving Co.*, 139 F.3d 1080, 1085 (6th Cir. 1998).

### A. Plaintiff Is Entitled To Summary Judgment On Its Fraudulent Conveyance Claim Against Defendants The Blumberg 2 Trust And Amy Jo Blumberg (Count One).

Under the Tennessee Uniform Fraudulent Transfer Act ("TUFTA"), Tenn. Code. Ann. § 66-3-301 *et seq.*, "a transfer is fraudulent—and therefore avoidable—if it involved either actual or constructive fraud." *In re Se. Waffles, LLC*, 702 F.3d 850, 856 (6th Cir. 2012); *see also* Tenn. Code Ann. § 66-3-308(a)(1) (providing that a creditor "may obtain" "[a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim"). As to actual fraud,[3] TUFTA provides:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor[.]

Tenn. Code Ann. § 66-3-305(a)(1). TUFTA defines "creditor" as "a person who has a claim," and "debtor" as "a person who is liable on a claim." Tenn. Code Ann. § 66-3-302(4), (5); *see also id.* § 66-3-302(9) (defining "person" as, in pertinent part, a "trust" or "any other legal or

---

[3] Plaintiff asserts, in the alternative, that Defendants The Blumberg 2 Trust and Amy Jo Blumberg engaged in constructive fraud under Tenn. Code Ann. § 66-3-305(a)(2). Because the Court grants summary judgment as to Count One under an actual fraud theory, the Court does not evaluate Plaintiff's alternative constructive fraud argument.

commercial entity"). "Claim" includes "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." Tenn. Code Ann. § 66-3-302(3). Defendant The Blumberg 2 Trust did not contest—and the undisputed record shows—that Regions Bank had a state court judgment against The Blumberg 2 Trust for $193,963.50 with "post judgment interest at the rate of 6.25% per annum from the entry of the judgment until satisfaction of the judgment" [*See* Doc. 22 at 18-27, 52-53]. Therefore, Regions Bank was a "creditor" of The Blumberg 2 Trust. *See id.* § 66-3-302(4). In fact, there is no dispute that (1) Regions Bank was a "creditor" of The Blumberg 2 Trust, (2) The Blumberg 2 Trust was a "debtor," and (3) the state court judgment against The Blumberg 2 Trust was a "claim." *See Automotive Experts, Inc. v. Kallberg*, No. 19-CV-982, 2021 WL 2260058, at *7 (M.D. Tenn. June 3, 2021) (concluding that plaintiff qualified as a "creditor" because it had a "previous declaratory judgment action finding" in its favor); *Nippert v. Jackson*, 860 F. Supp. 2d 554, 568 n.34 (M.D. Tenn. 2012) (finding TUFTA statutory definitions satisfied where plaintiff, a creditor, "possesse[d] a judgment," or claim, against defendant, a debtor). Regions Bank, in turn, assigned its interest in the claim against Defendant The Blumberg 2 Trust to Plaintiff. *See Hartford Fire Ins. Co. v. CMC Const. Co.*, No. 6-CV-11, 2010 WL 3338581, at *20 (E.D. Tenn. Aug. 24, 2010) (finding that plaintiff-insurance company was a "creditor" even though "the alleged fraudulent transfer involved a different creditor" because plaintiff had a "right to payment" under an indemnification agreement with the original creditor).

       TUFTA defines "transfer," in pertinent part, as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset." Tenn. Code Ann. § 66-3-302(12). "Asset" "means property of a debtor" excluding

8

"[p]roperty to the extent it is encumbered by a valid lien," "[p]roperty to the extent it is generally exempt under nonbankruptcy law; or" "[a]n interest in property held in tenancy by the entireties to the extent it is not subject to process by a creditor holding a claim against only one (1) tenant." Tenn. Code Ann. § 66-3-302(2). Here, Defendants The Blumberg 2 Trust and Amy Jo Blumberg admitted that The Blumberg 2 Trust owned Parcels One and Two [*See* Docs. 19 ¶ 6; 20 ¶ 6]. There is no evidence to suggest that the parcels were "encumbered by a valid lien," "exempt under nonbankruptcy law," or "held in tenancy by the entireties." *See* Tenn. Code Ann. § 66-3-302(2). Parcels One and Two were "property" of The Blumberg 2 Trust, as debtor, and therefore qualify as an "asset." *See id.*; *see also RXAR Co., LLC v. Rheumatology Assocs., P.A.*, No. 14-C-789, 2017 WL 1511045, at *3-4 (M.D. Tenn. Apr. 27, 2017) (questioning whether physical fixtures of office were defendant's "property"—and therefore "assets"—where some of those fixtures pre-dated defendant's lease of office space). And The Blumberg 2 Trust completed a "transfer" of the assets by executing the Quitclaim Deed with Defendant Amy Jo Blumberg—essentially disposing of or parting with the assets. *See ORIX Fin. Servs., Inc. v. Arms*, No. 9-CV-88, 2009 WL 5205438, at *2-4 (E.D. Tenn. Dec. 24, 2004) (concluding that quitclaim deed of real property that vested in defendant individually qualified as a "transfer" under TUFTA). Because Defendants The Blumberg 2 Trust and Amy Jo Blumberg have not contested any of these facts, and the Court discerns no basis for contesting them on the record, the Court considers the facts undisputed. *See* Fed. R. Civ. P. 56(e).

Additionally, Plaintiff "must be able to show, by a preponderance of the evidence, that [a debtor] acted with actual intent to defraud its creditors." *Nolan v. Millennium Indus.*, No. 4-CV-37, 2005 WL 8162515, at *4 (E.D. Tenn. Sept. 27, 2005). The "actual intent" inquiry "frequently resort[s] to circumstantial evidence.'" *In re Estate of Reynolds*, No. W2006-01076-COA-R3-CV,

9

2007 WL 2597623, at *11 (Tenn. Ct. App. Sept. 11, 2007) (quoting *Bell v. Goforth*, No. M2004-00997-COA-R3-CV, 2006 WL 627189, at *4 (Tenn. Ct. App. Mar. 14, 2006)). TUFTA provides various "factors," "among other[s]," for the Court to "consider" in evaluating whether a debtor had the requisite intent, including "whether":

> (1) The transfer or obligation was to an insider;
> (2) The debtor retained possession or control of the property transferred after the transfer;
> (3) The transfer or obligation was disclosed or concealed;
> (4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
> (5) The transfer was of substantially all the debtor's assets;
> (6) The debtor absconded;
> (7) The debtor removed or concealed assets;
> (8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
> (9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
> (10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and
> (11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

Tenn. Code Ann. § 66-3-305(a)(1), (b). The statutory factors "resemble the traditional 'badges of fraud' identified by Tennessee courts." *B&L Mgmt. Grp., LLC v. Adair*, No. 17-2197, 2019 WL 3459244, at *11 (W.D. Tenn. July 31, 2019) (quoting *Teague v. Kidd*, No. E2016-19995-COA-R3-CV, 2017 WL 2299059, at *8 (Tenn. Ct. App. May 25, 2017)). These "badges of fraud" provide additional circumstantial evidence of a debtor's fraudulent intent beyond the enumerated statutory factors. *See Stoner v. Amburn*, No. E2012-75-COA-R3-CV, 2012 WL 4473306, at *8 (Tenn. Ct. App. Sept. 28, 2012). The "badges of fraud" include:

> 1. The transferor is in a precarious financial condition.
> 2. The transferor knew there was or soon would be a large money judgment rendered against the transferor.
> 3. Inadequate consideration was given for the transfer.
> 4. Secrecy or haste existed in carrying out the transfer.

10

> 5. A family or friendship relationship existed between the transferor and the transferee(s).
> 6. The transfer included all or substantially all of the transfer[or]'s nonexempt property.
> 7. The transferor retained a life estate or other interest in the property transferred.
> 8. The transferor failed to produce available evidence explaining or rebutting a suspicious transaction.
> 9. There is a lack of innocent purpose or use for the transfer.

*Teague*, 2017 WL 2299059, at *8. "The presence of one or more badges of fraud gives rise to a presumption of fraud." *Arvest Bank v. Byrd*, 814 F. Supp. 2d 775, 800 (W.D. Tenn. 2011) (quoting *Stone v. Smile*, No. E2009-47-COA-R3-CV, 2009 WL 4893563, at *5 (Tenn. Ct. App. Dec. 18, 2009)). When that presumption arises, the burden then shifts to defendants "to disprove fraud." *Claridge House Condo. Owners' Ass'n, Inc. v. CRM Cent. Properties LLC*, No. 16-CV-2563, 2017 WL 10309767, at *3 (W.D. Tenn. Feb. 14, 2017) (citing *Reagan v. Connelly*, No. E2000-00451-COA-R3-CV, 2000 WL 1661524, at *4 (Tenn. Ct. App. Nov. 6, 2000)).

Even when the Court views the facts in the light most favorable to Defendants The Blumberg 2 Trust and Amy Jo Blumberg, Plaintiff has shown, by a preponderance, that Defendant The Blumberg 2 Trust acted with actual intent to defraud creditors as a matter of law. There is significant circumstantial evidence satisfying multiple statutory factors and "badges of fraud" supporting Defendant The Blumberg 2 Trust's actual intent to defraud.

***First***, even if the undisputed facts do not show that the transfer of property was to an "insider," *see* Tenn. Code Ann. § 66-3-305(b)(1), a "relationship existed between the transferor and the transferee," *see Teague*, 2017 WL 2299059, at *8. Under TUFTA, an "insider" "includes," "[a]n affiliate, or an insider of an affiliate as if the affiliate were the debtor" and "[a] managing agent of the debtor." Tenn. Code Ann. § 66-3-302(7)(D), (E). "Affiliate" includes "[a] person who operates the debtor's business under" "other agreement or controls substantially all of the

11

debtor's assets." *Id.* § 66-3-302(1)(D). Defendant John Allan Blumberg was related to Defendant Amy Jo Blumberg, who was a trustee of The Blumberg 2 Trust [*See* Doc. 22 at 30-31]. And Defendant Amy Jo Blumberg, as trustee of Defendant The Blumberg 2 Trust, transferred The Blumberg 2 Trust's property, Parcels One and Two, to Defendant Amy Jo Blumberg individually through the Quitclaim Deed. A troubling "relationship" existed between the debtor—The Blumberg 2 Trust—and recipient of the transferred property—Amy Jo Blumberg, an individual and trustee of The Blumberg 2 Trust. *See Claridge House Condo. Owners' Ass'n*, 2017 WL 10309767, at *4 (reasoning that limited liability company (LLC) debtor's purported transfer of condominiums to another LLC—where both LLCs were subsidiaries of the same bank, had the same business address, and the same officers—plausibly alleged an insider relationship "denot[ing] possible fraud"); *In re Mason*, No. 13-50470, 2015 WL 430315, at *4 (Bankr. E.D. Tenn. Jan. 30, 2015) (concluding that debtor-transferee's familial relationship with his transferor parents supports a finding of fraud and "requires a court to more closely scrutinize the transaction"). The disquieting relationship between The Blumberg 2 Trust and Amy Jo Blumberg is circumstantial evidence of The Blumberg 2 Trust's actual intent to defraud. *See In re Estate of Reynolds*, 2007 WL 2597623, at *11.

**Second**, the undisputed facts show that "[i]nadequate consideration was given for the transfer"—another "badge[] of fraud." *See Teague*, 2017 WL 2299059, at *8. "In determining whether consideration is inadequate, a mathematical formula is not used. Courts consider the circumstances of the particular case." *Stone*, 2009 WL 4893563, at *4. The November 12, 2018 Quitclaim Deed transferred Parcels One and Two from Defendant The Blumberg 2 Trust to Defendant Amy Jo Blumberg in consideration of $1.00 "and other good and valuable consideration" not documented [*See* Doc. 22 at 30]. Parcels One and Two collectively were

12

appraised for a sum of $156,800 at the relevant time. The disparity between the $1.00 Defendant Amy Jo Blumberg paid for the parcels and the $156,800 appraisal value is stark and telling. *See Claridge House Condo. Owners' Ass'n*, 2017 WL 10309767, at *4 (reasoning that LLC's purported transfer of condominium units for "nominal or zero consideration" plausibly alleged "possible fraud"); *Arvest Bank*, 814 F. Supp. 2d at 801 (suggesting that transfer of real estate "for no consideration although, less than one and one-half years later, the real estate had a stated value of $472,000" was fraudulent); *Macon Bank & Trust*, 715 S.W.2d at 348-50 (finding inadequate a surety's transfer of real estate "for consideration of $1.00 and with a reservation of a life estate"). The inadequate consideration provides further circumstantial evidence of The Blumberg 2 Trust's actual intent to defraud. *See In re Estate of Reynolds*, 2007 WL 2597623, at *11.

***Third***, the undisputed facts show that the Quitclaim Deed transferring Parcels One and Two was executed "shortly after a substantial debt was incurred" by Defendant The Blumberg 2 Trust and in "haste" when The Blumberg 2 Trust "knew there was . . . a large money judgment rendered against" it. *See* Tenn. Code Ann. § 66-3-305(b)(10); *Teague*, 2017 WL 2299059, at *8. The Circuit Court of Washington County entered judgment in the amount of $193,963.50 against "The Blumberg Trust" and John Allan Blumberg—trustee of The Blumberg 2 Trust—on October 29, 2018. And the Circuit Court later concluded that "The Blumberg 2 Trust was always meant to be the party defendant and that fact was (or certainly should have been clear) to the person accepting service and the attorney representing the Trust [Doc. 22 at 24]. Just fourteen (14) days after judgment was entered, The Blumberg 2 Trust—acting through trustee Defendant Amy Jo Blumberg—transferred Parcels One and Two through the Quitclaim Deed. These circumstances suggest The Blumberg 2 Trust was aware of the substantial judgment against it and acted quickly to divest itself of valuable property that could be used to satisfy the judgment. *See Automotive*

13

*Experts, Inc. v. Kallberg*, No. 19-CV-982, 2021 WL 2260058, at \*2-3 (M.D. Tenn. June 3, 2021) (concluding that where defendants "were aware" they owed plaintiff "some amount of payment" but "made numerous subsequent conveyances, despite knowing that money was owed," the tenth statutory factor "weigh[ed] in favor" of a finding of actual fraud); *Claridge House Condo. Owners' Ass'n*, 2017 WL 10309767, at \*4 (concluding that purported transfer of condominium units approximately one (1) month before a lawsuit was filed plausibly alleged that defendants had "knowledge of an impending indebtedness"); *Arvest Bank*, 814 F. Supp. 2d at 801 (reasoning that defendants' act of transferring real property "fifteen days before" its general contractor stopped working for nonpayment supported a finding of fraud). The timing of the transfer provides further circumstantial evidence of The Blumberg 2 Trust's actual intent to defraud. *See In re Estate of Reynolds*, 2007 WL 2597623, at \*11. Collectively, these undisputed facts show, by a preponderance, that Defendant The Blumberg 2 Trust transferred Parcels One and Two with an "actual intent to hinder, delay, or defraud." *See Nolan*, 2005 WL 8162515, at \*4.

What is more, Defendant The Blumberg 2 Trust has also "failed to provide available evidence explaining or rebutting a suspicious transaction"—itself a further "badge of fraud." *See Teague*, 2017 WL 2299059, at \*8. By not timely responding to Plaintiff's Motion or otherwise contesting the facts that support the statutory factors and "badges of fraud," Defendant The Blumberg 2 Trust has failed to rebut the evidence of intentional fraud. *See Claridge House Condo. Owners' Ass'n*, 2017 WL 10309767, at \*3; *see also Hickman v. Turitto*, No. 6-CV-151, 2007 WL 2892788, at \*7-8 (E.D. Tenn. Sept. 28, 2007) (granting summary judgment on fraudulent conveyance claim where defendant "offer[ed] no explanation" and "d[id] not contest the traditional indicia of fraud"). Because there are no genuine disputes of fact regarding Defendant The Blumberg 2 Trust's transfer of Parcels One and Two with an actual intent to defraud, Plaintiff is

14

entitled to judgment as a matter of law on Count One against Defendant The Blumberg 2 Trust. *See* Tenn. Code Ann. § 66-3-305(a)(1).

Plaintiff is also entitled to summary judgment on Count One against Defendant Amy Jo Blumberg. Under TUFTA, fraudulent transfers are generally voidable. *See In re Se. Waffles, LLC*, 702 F.3d at 856. But "[a] transfer or obligation is not voidable under § 66-3-305(a)(1) ***against a person who took in good faith and for a reasonably equivalent value*** . . . ." Tenn. Code Ann. § 66-3-309(a) (emphasis added). Section 66-3-309(a) "provide[s] an affirmative defense to preclude the avoidance of certain transfers." *In re Davis*, No. 5-15794, 2016 WL 11696269, at *11 (Bankr. W.D. Tenn. June 15, 2016). "In order to establish a defense to avoidability, a transferee must show both that the transfer was for a reasonably equivalent value and was received in good faith." *In re Canyon Systems Corp.*, 343 B.R. 615, 650-51 (Bankr. S.D. Ohio 2006). Defendant Amy Jo Blumberg has presented no facts to support either element of the affirmative defense. *See JRS Partners, GP v. Warren*, No. 17-CV-1258, 2021 WL 1143829, at *4-5 (M.D. Tenn. Mar. 25, 2021) (avoiding transfer of proceeds under TUFTA against defendant who failed to "point[] to any evidence tending to show that the transfers" "were made in exchange for any actual value," provide facts that "would justify her retention," or otherwise "provide[] any defenses to the avoidance of these transfers"). And the Court did not identify any such facts in the record. Plaintiff is therefore entitled to judgment as a matter of law as to Count One against Defendant Amy Jo Blumberg. *See Lemaster*, 65 F.4th at 310.

As an appropriate remedy, Plaintiff is entitled to avoidance of the transfer of Parcels One and Two under Section 66-3-308 of the Tennessee Code. Under Section 66-3-308, "[i]n an action for relief against a transfer or obligation," "a creditor, subject to the limitations in § 66-3-309, may obtain" "[a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's

15

claim." Tenn. Code Ann. § 66-3-308(a)(1). Section 66-3-308(a) "is directed toward the thing transferred" and "permit[s] the judgment creditor" "to act toward the asset as though it had never been transferred to the extent necessary to satisfy the claim." *In re Davis*, 2016 WL 11696269, at *17. As a "creditor," Plaintiff has an outstanding "claim" against Defendant The Blumberg 2 Trust for $193,963.50 with "post judgment interest at the rate of 6.25% per annum from the entry of the judgment until satisfaction of the judgment" [*See* Doc. 22 at 18-27, 52-53]. Avoidance of the fraudulent Quitclaim Deed is therefore "necessary to satisfy" Plaintiff's claim. *See* Tenn. Code Ann. § 66-3-308(a)(1); *see also JRS Partners, GP*, 2021 WL 1143829, at *5 (declaring as void transfers of currency upon a finding of a fraudulent conveyance).

In addition to avoidance of the transfer under Section 66-3-308, Plaintiff is entitled to a money judgment against Defendant Amy Jo Blumberg. TUFTA provides remedies in Sections 66-3-308 and 66-3-309. *See In re Davis*, 2016 WL 11696269, at *17 ("The remedies provided under the Tennessee Uniform Fraudulent Transfer Act are spread over two sections."); *In re Chadwick*, No. 9-11047, 2011 WL 477858, at *15 (E.D. Tenn. Bankr. Feb. 7, 2011) (describing "various remedies" under Section 66-3-308 and noting that Section 66-3-309 "also provides" for a money judgment); *In re Carver*, No. 5-17360, 2006 WL 3161765, at *4 (E.D. Tenn. Bankr. Oct. 31, 2006) (same). Section 66-3-309 "is directed toward obtaining a money judgment for the value of the thing transferred" and "permits the judgment creditor to obtain a money judgment *in lieu* of the process of levy, execution, and sale of the asset transferred." *In re Davis*, 2016 WL 11696269, at *17. Section 66-3-309(b) provides that "to the extent a transfer is voidable in an action by a creditor under § 66-3-308(a)(1), the creditor may recover judgment for the value of the asset transferred, as adjusted under subsection (c), *or* the amount necessary to satisfy the creditor's claim, **whichever is less**." *Id.* § 66-3-309(b) (emphasis added). Subsection (c) defines "the value

16

of the asset transferred" as "an amount equal to the value of the asset at the time of the transfer, subject to adjustment as the equities may require." *Id.* § 66-3-309(c). Judgment "may be entered against" "[t]he first transferee of the asset or the person for whose benefit the transfer was made." *Id.* § 66-3-309(b)(1).

Here, Plaintiff is entitled to a $156,800 judgment against Defendant Amy Jo Blumberg as first transferee of Parcels One and Two. As previously discussed, the Quitclaim Deed is a voidable transfer. Defendant Amy Jo Blumberg received Parcels One and Two via the Quitclaim Deed. Defendant Amy Jo Blumberg, therefore, qualifies as the "first transferee" of the asset. *See Tareco Properties, Inc. v. Morriss*, 196 F. App'x 358, 362 (6th Cir. 2006) (affirming money judgment under Section 66-3-309(b)(1) entered against "first transferee" daughter who received fraudulently conveyed funds in a bank account that she owned). And Defendant Amy Jo Blumberg has not introduced evidence, as an affirmative defense, that she "took in good faith" "for a reasonably equivalent value." *See* Tenn. Code Ann. § 66-3-309(a). Indeed, the facts are opposite. A money judgment under Section 66-3-309(b)(1) against her is, therefore, appropriate. *See* Tenn. Code Ann. § 66-3-309(b)(1).

However, Section 66-3-309(b) only allows Plaintiff to recover the lesser of "the value of the asset transferred" or "the amount necessary to satisfy the creditor's claim." *Id.* § 66-3-309(b). In its Motion, Plaintiff asks the Court to order judgment of "$193,963.50 plus 6.25 interest"—the amount of Plaintiff's claim [Doc. 23 at 24]. But the lesser "value of the asset transferred," here $156,800, is the appropriate judgment amount under Section 66-3-309(b). *See* Tenn. Code Ann. § 66-3-309(b). Accordingly, Plaintiff is entitled to a $156,800 judgment against Defendant Amy Jo Blumberg. Plaintiff requests other, perhaps alternative, relief. But the Court may only grant Plaintiff the relief necessary to make it whole. *See Gill v. Whitford*, 138 S. Ct. 1916, 1934

17

(2018) ("A plaintiff's remedy must be tailored to redress the plaintiff's particular injury."). Avoidance of the transfer and a money judgment against Defendant Amy Jo Blumberg will redress Plaintiff's injury with respect to Defendants The Blumberg 2 Trust and Amy Jo Blumberg, and Plaintiff has not shown that any of the additional—or alternative—relief that it requests is necessary to make it whole. *See Gill*, 138 S. Ct. at 1934.

### B. Plaintiff Is Not Entitled To Summary Judgment On Its Claim For A Creditor's Bill (Count Two).

Plaintiff cites to Tenn. Code Ann. § 29-12-101 to support Count Two, which Plaintiff may have pled in the alternative to Count One. Section 29-12-101 of the Tennessee Code provides:

> Any creditor, ***without first having obtained a judgment at law***, may file the bill in chancery for the creditor, or for the creditor and other creditors, to set aside fraudulent conveyances of property, or other devices resorted to for the purpose of hindering and delaying creditors, and subject the property, by sale or otherwise, to the satisfaction of the debt.

Tenn. Code Ann. § 29-12-101 (emphasis added). But Plaintiff previously obtained a judgment at law after Regions Bank assigned to Plaintiff the 2018 judgment from the Circuit Court of Washington County. By the plain text of the statute, Plaintiff is not entitled to judgment as a matter of law as to Count Two because it, as creditor, has already obtained a judgment at law. Even if not, Plaintiff has not established that it is entitled to the uncertain relief it requests under Section 29-12-101. And the Court has no obligation to search the entire record on Plaintiff's behalf for other facts to support its claim. The Court, therefore, cannot grant summary judgment as to Count Two.

### C. Plaintiff Is Not Entitled To Summary Judgment On Its Claim For An Equitable Lien (Count Three).

Count Three of Plaintiff's Complaint alleges that the filing of Plaintiff's action "constitutes an equitable lien against all of the equitable interests of Defendants" in the property "[b]y operation

18

of law" [Doc. 1 ¶ 63]. In its Motion for Summary Judgment, Plaintiff broadly asserts that "[n]o genuine issue of material fact remains that summary judgment should be granted on Plaintiff's equitable lien" [Doc. 22 at 3]. But Plaintiff's Memorandum in Support does not address Count Three at all, let alone the "factual and legal grounds which justify the ruling sought from the Court." *See* E.D. Tenn. L.R. 7.1(b). As to Count Three, which may be pled in the alternative to Count One, Plaintiff has not satisfied even its "initial responsibility of informing the district court of the basis for its motion." *See Celotex*, 477 U.S. at 323. Plaintiff is therefore not entitled to summary judgment on Count Three. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 323.

### D. Plaintiff Is Not Entitled To Summary Judgment On Its Claim For "Equitable Execution And Creditors Bill On Existing Judgment" (Count Four).

Finally, Plaintiff broadly invoked Tenn. Code Ann. "§ 26-4-101(a)," the Court's "equitable powers," and the "Federal Rules of Civil Procedure" as the legal bases for its claim for "equitable execution and creditors bill on existing judgment" [Doc. 1 at 12]. Section 26-4-101 does not contain a subsection (a). *See* Tenn. Code Ann. § 26-4-101. But Section 26-4-101 provides:

> The creditor whose execution has been returned unsatisfied, in whole or in part, may proceed in the court granting the judgment, or may file a complaint in a court of general jurisdiction against the defendant in the execution and any other person, ***to compel the discovery of any property, including stocks, choses in action or money due such defendant, or the defendant's interest in property held in a trust for the defendant***, except when the trust is exempt from the claims of the defendant's creditors under §§ 35-15-501–35-15-509 of the Tennessee Uniform Trust Code.

Tenn. Code Ann. § 26-4-101 (emphasis added). Generally, the statute "allows a creditor to sue a debtor to compel post-judgment discovery of property that might satisfy a judgment." *Jefferson v. Williams-Mapp*, No. W2021-1058-COA-R3-CV, 2022 WL 1836926, at *2 (Tenn. Ct. App. June 3, 2022). However, as with Count Three, Plaintiff has not provided "the factual and legal grounds

19

which justify the ruling sought from the Court." *See* E.D. Tenn. L.R. 7.1(b). Apart from loosely citing to general sources of law, Plaintiff has not articulated how any source of law entitles it to judgment on this claim or what that judgment would consist of. *See Celotex*, 477 U.S. at 323. Plaintiff is therefore also not entitled to summary judgment on Count Four. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 323.

### III. Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's "Motion for Summary Judgment" [Doc. 22] **IN PART** as to Plaintiff's Fraudulent Transfer claim (Count One) against Defendants The Blumberg 2 Trust and Amy Jo Blumberg. But the Court **DENIES** Plaintiff's Motion as to Counts Two, Three, and Four. The transfer of Parcels One and Two via Quitclaim Deed on November 12, 2018 is void. Plaintiff is entitled to judgment in the amount of $156,800 against Defendant Amy Jo Blumberg.

It is unclear whether Plaintiff will wish to proceed with the remainder of this action now that the Court has granted it summary judgment on Count One. But because other claims remain, within fourteen (14) days of the entry of this Order, the Parties **SHALL** file a joint status report outlining the status of this case and providing a proposed schedule for the remainder of this action. For convenience of the Parties, the Court's Judicial Preferences and a Sample Civil Scheduling Order are available at https://www.tned.uscourts.gov/content/katherine-crytzer-united-states-district-judge. The stay of this matter is lifted.

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

20

Case 3:21-cv-00049-KAC-DCP   Document 48   Filed 06/01/23   Page 20 of 20   PageID #: 434